BOLIN, Judge.
In this case, consolidated for trial and on appeal with the case of Silverstein v. Firemen’s Insurance Company, 238 So.2d 237, plaintiff seeks recovery for personal injuries allegedly resulting from an accident occurring near Hope, Arkansas, on February 23, 1966. Made defendants are Chris Casten, owner and driver of the vehicle in which the parties were traveling, and Cas-ten’s insurer, Firemen’s Insurance Company of Newark, New Jersey. Both Silberman and Silverstein allege Casten was guilty of gross, willful and wanton negligence in driving the car in utter disregard of the rights and safety of others. Following trial on the merits the trial judge rendered written reasons for judgment in which he held applicable the Arkansas Guest Statute and found the evidence failed to establish Casten was guilty of the willful and wanton disregard of the rights of others required by that statute. Both plaintiffs perfected appeals.
Although the consolidated cases were argued and submitted to this court on April 30, 1969, decision has been withheld awaiting the results of the writ of review issued by the Louisiana Supreme Court in the case of Johnson v. St. Paul Mercury Insurance Company (256 La. 289, 236 So.2d 216). That case involved the question of the proper state law to apply in a tort suit, brought in Louisiana, between Louisiana residents when the accident occurred in a sister state. On Monday, March, 30, 1970, the majority of that court reversed our decision and announced the Louisiana jurisprudential Conflict of Laws rule was, and remains: the substantive law of the place of the tort must be applied in all suits brought in Louisiana. Rehearing in Johnson was refused May 4, 1970.
We now examine the facts of the instant case in light of the Arkansas Guest Statute (Arkansas Statutes Annotated Sec. 75- *237 913), quoted, in part, by defendants in their answer, as follows:
“No person transported as a guest in any automotive vehicle upon the public highways * * * shall have a cause of action against the owner or operator of such vehicle * * * for damage on account of any injury * * * occasioned by the operation of such automotive vehicle * * * unless such vehicle * * was wilfully and wantonly operated in disregard of the rights of the others.”
About 8:30 a. m. on the day in question Silberman and Silverstein, as passengers, and Casten, as driver, left Shreveport, where they all reside, to journey to Hot Springs, Arkansas, to attend the races. Shortly after crossing the state line from Louisiana into Arkansas the weather, which had been cloudy before the three left Shreveport, became inclement and it commenced to snow and ice began to form in patches on the road. Casten had no experience in driving under comparable road conditions and, as they were proceeding and prior to reaching Hope, Arkansas, the vehicle slid off the road onto the shoulder, The parties were successful in getting the car back onto the highway and continued their trip, with Casten still driving, A short while later the car again slipped off the highway, this time ending up in such a position that assistance was necessary to get it back on the road. Following this occurrence the trio proceeded to Hot Springs, apparently without further mishap, and spent the night there. Since the races were cancelled because of weather conditions, they returned to Shreveport the following morning. Casten again did all the driving.
The charges of negligence leveled at Casten were that he did not slow down sufficiently under the hazardous driving conditions and that he applied his brakes too much on the icy highway, which caused the automobile to skid off the road. Both Sil-berman and Silverstein testified they were “thrown about in the car” at the time of the second mishap.
We conclude, as did the trial judge, the plaintiffs have failed to sustain the burden of proving Casten guilty of operating his “vehicle in wanton and wilful disregard of the rights of others.”
The judgment is affirmed at appellant’s cost.